# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street, SW, Suite 800 ) <br> Washington, DC 20024, ) <br> ) <br>                Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF ) <br>   HOMELAND SECURITY, ) <br> Office of the General Counsel ) <br> 245 Murray Lane, SW ) <br> Washington, DC 20528, ) <br> ) <br> and ) <br> ) <br> U.S. DEPARTMENT OF STATE ) <br> The Executive Office ) <br> Office of the Legal Adviser Ste 5.600 ) <br> 600 19th Street, NW ) <br> Washington, DC 20522, ) <br> ) <br>                Defendants. ) <br> _____) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of Homeland Security and U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization that seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its educational mission, Plaintiff regularly requests records under FOIA, analyzes the responses and any records it receives, and disseminates its findings and the records to the American public to inform them about "what their government is up to." *U.S. Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 795 (1989). Plaintiff is incorporated under the laws of the District of Columbia and is headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.

4. Defendant U.S. Department of Homeland Security ("DHS") is an agency of the United States Government and is headquartered at 245 Murray Lane, SW, Washington, DC 20528. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant U.S. Department of State ("State Department") is an agency of the United States Government and is headquartered at 600 19th St, NW, Washington, DC 20522. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

6. On December 17, 2015, Plaintiff submitted a FOIA request to DHS, by certified mail, seeking access to the following:

> **1. Any and all memoranda and reports regarding, concerning or relating to the National Targeting Center's (NTC's) "Tablighi Jamaat Initiative" and/or "Tablighi Jamaat Project" produced by the NTC, the DHS Privacy Office, and/or the DHS Office of Civil Rights and Civil Liberties (CRCL).**

    2.    **Any and all records of communications sent to or from officials within the NTC, DHS Privacy Office and CRCL regarding, concerning or relating to the "Tablighi Jamaat Initiative" and/or "Tablighi Jamaat Project."**

The time frame for the request was identified as "2010 through 2013."

    7.    That same day, December 17, 2015, Plaintiff also submitted a related FOIA request to the State Department, by certified mail, seeking access to the following:

    1.    **Any minutes, transcripts, recordings, and handwritten notes produced as a result of meetings between State Department officials and Department of Homeland Security officials in March 2012 concerning the Tablighi Jamaat Initiative (also known as a the Tablighi Jamaat Project);**

    2.    **Any records of communications (including but not limited to emails and memoranda) sent to or from State Department officials regarding the Tablighi Jamaat Initiative/Tablighi Jamaat Project from March 1, 2011 through March 1, 2013.**

    8.    According to U.S. Postal Service Records, the State Department received Plaintiff's request on December 29, 2015.

    9.    In a January 12, 2016 letter, the State Department acknowledged receiving Plaintiff's FOIA request and informed Plaintiff that it had assigned the request Case Control Number F-2015-17434.

    10.    In a February 9, 2016 letter, DHS acknowledged receiving the request on December 21, 2015 and informed Plaintiff that it had assigned the request Case Number 2016-HQFO-00179. In the same letter, DHS also informed Plaintiff that it had invoked the 10-day extension of time provision set forth in 5 U.S.C. § 552(a)(6)(B).

11.   In a subsequent letter dated March 1, 2016, DHS notified Plaintiff that the request had been to U.S. Customs & Border Protection (CBP) and Office of the Civil Rights and Civil Liberties (CRCL) for processing.

12.   As of the date of this Complaint, DHS and the State Department have failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552 – Defendant DHS)

13.   Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14.   Defendant DHS is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

15.   Plaintiff is being irreparably harmed by reason of Defendant DHS's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant DHS is compelled to comply with FOIA.

16.   To trigger FOIA's administrative exhaustion requirement, Defendant DHS was required to determine whether to comply with Plaintiff's request within the time limits required by FOIA.  Accordingly, Defendant DHS's determination was due on or about February 4, 2016.  At a minimum, Defendant DHS was required to:  (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant DHS intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for*

*Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

17.     Because Defendant DHS failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant DHS to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant DHS to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant DHS from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

## COUNT II
**(Violation of FOIA, 5 U.S.C. § 552 – Defendant State Department)**

18.     Plaintiff realleges paragraphs 1 through 17 as if fully stated herein.

19.     Defendant State Department is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

20.     Plaintiff is being irreparably harmed by reason of Defendant State Department's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant State Department is compelled to comply with FOIA.

21.     To trigger FOIA's administrative exhaustion requirement, Defendant State Department was required to determine whether to comply with Plaintiff's request within the time limits required by FOIA.  Accordingly, Defendant State Department's determination was due on or about January 28, 2016.  At a minimum, Defendant State Department was required to:  (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant State Department intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

22.     Because Defendant State Department failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant State Department to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant State Department to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant State Department from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  October 13, 2016    Respectfully submitted,

*/s/David F. Rothstein*
David F. Rothstein
D.C. Bar No. 450035
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email: drothstein@judicialwatch.org

*Counsel for Plaintiff*